**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DERRICK ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 24-2917 (UNA) |
| | ) |
| | ) |
| KATHLEEN MASON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Derrick Allen, appearing *pro se*, brings this action and seeks leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. The court will grant the IFP application and dismiss the complaint.

Mr. Allen, who is unhoused in the District of Columbia, sues Maryland-based International Brotherhood of Electrical Workers ("IBEW"), Freestate Electric, Freestate Supervisor Kathleen Mason, and an individual seemingly connected to the union. *See* Compl. at 2 (Parties' List). Allegedly, Mr. Allen "received a referral and [was] told to report" to Laurel, Maryland, "for orientation and [a job] assignment." *Id.* at 4. He "slept outside Freestate [E]lectric for two nights [without] food." *Id.* Mr. Allen "attempted to report to work" but was not "provided any other job assignment" after informing Ms. Mason "of no public transportation." *Id.* Mr. Allen "spent $38.96 on a bus ticket." *Id.* He seeks compensatory damages "in the amount of $256 Billion." *Id.*

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a

complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

As the bases for federal court jurisdiction, Mr. Allen cites 28 U.S.C. § 1331 and § 1332. Compl. at 3. While Mr. Allen purports to raise a federal question, he does not explain how allegedly being denied a job opportunity violates his constitutional rights. And even though he seeks $256 billion in damages, the court may dismiss a complaint due to an inadequate amount in controversy if, "from the face of the pleadings," it "appear[s] to a legal certainty that the claim is really for less than the [required] jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); 28 U.S.C. § 1332 (conferring original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"). Regardless, Mr. Allen fails "to articulate either the required factual or legal bases for [the] requested relief." *Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x. 270, 274 (D.C. Cir. 2004) (per curiam). Therefore, this case will be dismissed by separate order.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 16, 2024

2